DANIEL P. FULLER, Respondent, *v.* SAMUEL B. ROWE, impleaded, etc., Appellant.

While parties assuming to act in a corporate capacity, without a legal organization as a corporate body, are liable as partners to those with whom they contract; to charge any one of them as such, it must be shown that he was so acting at the time the contract sued upon was made, or that upon some consideration he agreed to become liable with the others.

Defendant S., holding himself out to be the president of a corporation duly organized, employed plaintiff to act as its superintendent. Defendant R., thereafter, supposing the company legally incorporated, subscribed and paid in $5,000, and was elected president. He apprised plaintiff of his election and directed him thereafter to report to him. Plaintiff drew drafts upon R., as president, to carry on the business, which were accepted by the latter and paid by the acting treasurer. The business proved a failure and was abandoned. R. directed as to the disposition of the books. No such corporation in fact existed. It did not appear that R. knew of this fact before the abandonment of the enterprise. In an action to recover plaintiff's salary, *held*, that R. was not liable.

(Argued September 25, 1873; decided January term, 1874.)

APPEAL from a judgment of the General Term of the Supreme Court in the fourth judicial department, modifying, and affirming as modified, a judgment in favor of plaintiff entered upon the report of a referee. (Reported below, 59 Barb., 344.)

This action was brought by plaintiff to recover an amount alleged to be due for salary. The complaint alleged, in substance, that defendants assumed and held themselves out to be the officers and managers of a mining company, incorpo-

rated and doing business in the State of Pennsylvania, pursuant to the laws of that State, by the name of the Central City Coal Company; and, as such, on or about the 1st of March, 1866, employed him to superintend its mining operations; that, believing the defendants to represent a corporation, he engaged in their service as such superintendent and continued therein, discharging his duties as such, until the following December; that in truth no such company was incorporated; and that the defendants became thereby liable to pay him for his services.

On the trial it appeared that, in February, 1866, the defendant Sweet, holding himself out as president of such company, entered into a contract with the plaintiff to serve the company in the capacity of superintendent of its mining operations for one year from the first day of March following, at a salary of $1,800; that he entered upon the service, and about the middle of the following May the defendant Rowe subscribed and paid in $5,000 to the supposed company, which he also believed to be legally incorporated, and was then elected its president, and seeing the plaintiff engaged in superintending the affairs of the concern, apprised him of his election to the presidency and directed him thereafter to report to him. During the months of May, June and July, the plaintiff drew upon Rowe, as president of such company, for different sums, in all amounting to $5,400, with which to carry on the business of the company, which was accepted by Rowe as president and paid, Hills assuming to be its treasurer. In November, the business proving a failure, the work was suspended, the property of the concern sold and the enterprise abandoned; in December, Rowe directed one Skillman, having the custody of the books pertaining to the affairs of the company, to deliver them to one Cowell. It turned out that no such company as the Central City Coal Company was ever incorporated, but when this fact came to the knowledge of Rowe or the plaintiff does not appear among the facts found by the referee.

The referee found from the evidence that the plaintiff con-

tinued in the service of the company eight months; that at the time of his employment Rowe was not in any wise interested in the company or its lands or mines, and had nothing to do with his employment and never promised or assumed to pay him, except as such promise or assumption might legally result from his acts after he became president of the company. As a conclusion of law, he found that the defendant Rowe, with certain others of the defendants, was liable to the plaintiff for the full amount of his services. Judgment being entered against Rowe, in accordance with the findings, was, upon his appeal to the Supreme Court, reversed, unless the plaintiff would stipulate to deduct from the amount recovered so much as was earned before Rowe was elected president, which was done by the plaintiff and the judgment was affirmed, as thus modified.

*Daniel Pratt* for the appellant. The most that can be claimed against the parties interested in the coal company is, that they became liable as partners upon contracts made in behalf of the company. ( *Wells* v. *Gates*, 18 Barb., 584.) Defendant Rowe would not be liable for the non-performance of a contract made before he was interested in the company, and which he had never assumed to perform. (Parsons on Part., 434; Story on Part., §§ 146–153; Gow. on Part., 151, 152; Col. on Part., book 3, chap. 3, § 21; *Vere* v. *Ashley*, 10 B. & C., 288; *Young* v. *Hunter*, 4 Taunt., 282; *McGuire* v. *O'Halloran*, H. & D., 85; *Sloan* v. *Van Dyck*, 47 Barb., 634; *Dyke* v. *Brewer*, 2 C. & K., 828; *Kerwin* v. *Kerwin*, 2 C. & M., 617; *Mass.* v. *Oakley*, 2 Hill, 265; *Adderly* v. *Storm*, 6 id., 624; *Beals* v. *Mouls*, 10 Ad. & El., 976; *Newton* v. *Bilscher*, 12 id. [N. S.], 921; *Whitehead* v. *Barrar*, 2 M. & R., 248.)

*Wm. J. Wallace* for the respondent. Defendants are liable as partners on the contract with plaintiff. (18 Barb., 545; *Doubleday* v. *Muscott*, 7 Bing., 110, 115.) Defendant Rowe is liable as a partner, notwithstanding the contract was made before he became a member of the company. (2 C. & P.,

409; *Sloane* v. *Van Slyke*, 47 Barb., 634; Story on Part., §§ 152, 368; Buck, 16, 174; 6 Ves. Jr., 604; 8 id., 503; 1 id., 131.) Plaintiff is entitled to recover for services rendered and money advanced, after defendant Rowe became a member of the company, on the theory of an implied promise of Rowe to pay him therefor. (*King* v. *Brown*, 2 Hill, 485; 2 Den., 87; *Moses* v. *Stephens*, 2 Pick., 332; 20 Barb., 387; *Lisk* v. *Sherman*, 25 id., 433.)

GRAY, C. That parties assuming to act in a corporate capacity without a legal organization as a corporate body, are liable as partners to those with whom they contract is not denied; but when it is sought to charge any one of them as a corporator or as a partner, the same rule applies to each. If as a corporator, he must be shown to have been such when the contract sued upon was made. (*Moss* v. *Oakley*, 2 Hill, 265, 268.) If as a partner he must be shown to have been a member of the firm when the contract sued upon was made. (*McGuire* v. *O'Halloran*, Hill & Denio, 85, 86.) In this case the referee has found as a fact, that Rowe, at the time of the employment of the plaintiff, was not in any-wise interested in the company or its lands or mines and had nothing to do with his employment. This finding disposes of the question as to his liability to the plaintiff upon the contract made with him by Sweet, who then assumed to be president of the company, unless after Rowe became, as he supposed, a stockholder in the company and its president, there was a change made in the contract by which Rowe upon some consideration agreed to become jointly liable with Sweet and those for and with whom he acted; upon this question the referee has found that the plaintiff during all the time of his service worked in pursuance of his contract made with Sweet, and that Rowe never promised or assumed to pay him, " except as such promise or assumption may legally result from his acts after he became president of the so called company." One act of Rowe as found by the referee was seeing the plaintiff engaged in the

business for which he was employed before Rowe became, as he supposed, president, and under a contract, which, as the referee has also found, the plaintiff performed all the services for the recovery of value of which this action was brought. The other acts consist of accepting drafts made during May, June and July, by the plaintiff as superintendent, upon him as president, amounting in all to $5,400, which were paid by the treasurer, and after the work was abandoned ordering the books pertaining to the affairs of the concern to be delivered by one person to another. These facts or rather circumstances, are not of such irresistible force as to raise a legal presumption that Rowe, upon any consideration whatever assumed or promised to be jointly liable with Sweet and others, represented by Sweet in making the contract; and if for the purpose of upholding the legal conclusion arrived at by the referee, we should consider the facts found by him and look into the case for additional evidence to uphold a conclusion of fact, that Rowe, did, when or after he became interested in the enterprise, superintended by plaintiff, agree, jointly with those that hired him, to reward him for his services; we should find the fact, that Rowe supposed not only that he was elected president of a legal corporation and that he supposed he acted as such, but also quite satisfactory evidence that he never intended to become personally liable upon a contract he had no voice in making, whatever he might have been as to those he did make. The rights of the plaintiff as to those with whom he contracted, have been in no respect impaired by the incoming of Rowe and without an engagement by Rowe, upon some consideration to add his responsibility to those with whom plaintiff contracted, his claim to recover of him for any part of his services is without foundation.

The judgment appealed from as well as that entered upon the report of the referee, should be reversed and a new trial ordered.

All concur.

Judgment reversed.