THE CENTRAL CITY SAVINGS BANK, Appellant, *v.* THOMAS R. WALKER et al., Respondents.

To establish a liability against a party as a partner for the acts of others, it must be made to appear that a copartnership was formed by express agreement, or that there was an authorization in advance and a consent to be bound by such acts as a partner, or a ratification of the acts after performance with full knowledge of all the circumstances, or some act by which an equitable estoppel has been created.

After the charter of a manufacturing corporation had expired by statutory limitation, its general agent appointed during the existence of the corporation continued to carry on the business and to contract debts; and for such a debt he gave a promissory note in the name of the corporation. In an action against the stockholders seeking to charge them as makers of the note, on the ground that there was an implied contract of copartnership between them, it appeared that defendants, six months after the expiration of the charter, received dividends as from the earnings of the corporation, but without notice that it was not so paid, and without knowledge of the expiration of the charter; also, that credit was not given to them as partners or individuals, but to the supposed corporation. *Held*, that upon the expiration of the charter, the title to the corporate property vested in the trustees then in office, in trust for the creditors and stockholders (1 R. S., 600, § 1); that the defendants being merely *cestuis que trust*, could not, without other evidence than proof of their interest, be charged as copartners, and that if they had received any part of the earnings of the business carried on after the corporation ceased to exist, this did not make them liable in an action at law upon the contracts made by the agent; nor did it amount to a ratification of his acts.

Also, *held*, that there was no legal distinction in respect to liability between a trustee and a simple stockholder where neither contracted the debt or authorized another to represent him in the transaction.

*National Bank* v. *Landon* (45 N. Y., 410) distinguished.

(Argued June 7, 1876; decided June 21, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department in favor of defendants, entered upon an order nonsuiting plaintiff on trial at Circuit.

This action was brought against defendants, all of whom were stockholders and a portion trustees of the Utica Steam Woolen Company, to recover the amount of a promissory

note executed by one Peter Clogher as agent of said company and in its name, it being alleged and claimed, in substance, that after the expiration of the company charter its trustees continued the business with the knowledge of the stockholders, and that they were liable as copartners.   (Reported below, 5 Hun, 35.)

Two of the defendants, Walker and McQuade, appeared and answered.

The Utica Steam Woolen Company was a corporation organized February 27, 1846, under the manufacturing act of 1811 (chap. 67, Laws of 1811), by which act the term of the existence of corporations created under it is limited to twenty years. (§ 2.)   One Clogher was appointed the agent and superintendent of the company in 1855, and managed all its business thereafter.  After the expiration of the term so limited, *i. e.,* after February 27, 1866, the business was continued and conducted by Clogher the same as before in the name of the corporation, he being ignorant of the expiration of the charter, as were also the defendants.   At the time of the expiration of the charter, defendant McQuade was secretary and one of the trustees of the corporation.   The note was given for money borrowed after that time for the use of, and to carry on the business of, the company.   In July, 1866, a dividend was declared and paid to the stockholders.   The company became insolvent in 1869, its property was levied upon on execution, and proceedings in bankruptcy were commenced against it.   It did not appear that any claim or suggestion was made until after the failure that the corporation had ceased to exist, and both defendants testified that they were entirely ignorant of that fact.   Plaintiff was nonsuited on the trial, and exceptions were ordered to be heard at first instance at General Term.

*J. R. Swan, Jr.,* for the appellant.   The defendants were copartners.   (Pars. on Part. [m. p.], 9 ; *Davis* v. *Grove,* 2 Robt., 134 ; *Bostwick* v. *Champion,* 11 Wend., 571 ; *Cumspton* v. *McNair,* 1 id., 457 ; *Reynolds* v. *Cleveland,* 4 Cow., 282 ;

*Mumford* v. *Nicoll*, 20 J. R., 611; Story on Part., § 63; *D. C. Manuf Co.* v. *Davis*, 14 J. R., 238; *White* v. *S. and U. R. R. Co.*, 14 Barb., 559, 563; *Smith* v. *Strong*, 2 Hill, 241; *Bk. of Utica* v. *Smedes*, 3 Cow., 662; *Butts* v. *Mayor, etc.*, 4 Abb. Pr. [N. S.], 258; *Nat. U. Bk.* v. *Landon*, 45 N. Y., 410; *Fuller* v. *Rowe*, 57 id., 23; *Anthony* v. *Butler*, 13 Pet. [m. p.], 423; *Eastman* v. *Clark*, 53 N. H., 319, 339; 3 Kent's Com. [8th ed.], 22–32; *Fire Dep. of N. Y.* v. *Kip*, 10 Wend., 266; *M. E. Un. Ch.* v. *Pickett*, 19 N. Y., 482; *Welland C. Co.* v. *Hathaway*, 8 Wend., 480; Collyer on Part., § 385; *Thickness* v. *Brownlow*, 2 Cr. & J., 438; *Claverling* v. *Westley*, 3 P. W., 402; *Vassar* v. *Camp*, 14 Barb., 341, 342; Herman on Estoppel, § 3.) The company, after the decease of the corporation, did not become a corporation *de facto.* (19 N. Y., 119, 482; 21 id., 542; 26 id., 75; 26 Barb., 202; 42 id., 651; 41 id., 151; 29 id., 305; 5 How., 390; 15 Abb., 66.)

*Francis Kernan* for the respondents. Defendants, after February 27, 1866, were not copartners or liable as such. (Story on Part., §§ 64, 2, 3, 5, 32; *Irwin* v. *Conklin*, 36 Barb., 64; *Baldwin* v. *Burrows*, 47 N. Y., 199, 206; *Livingston* v. *Lynch*, 4 J. Ch., 573, 591–599; 3 Kent, 27 [m. p.]; *Hazard* v. *Hazard*, 1 Story, 371; *Chase* v. *Barrett*, 4 Paige, 148; *Porter* v. *McClure*, 15 Wend., 187; *Nat. Bk.* v. *Landon*, 45 N. Y., 410; *City of Utica* v. *Churchill*, 33 id., 237–239; *Queen* v. *Arnaud*, 9 Ad. & El. [N. S.], 806; *Mickles* v. *Roch. City Bk.*, 11 Paige, 119, 128; 2 R. S. [5th ed.], 597, §§ 9, 10.) The receipt of the dividend by defendant Walker was not a ratification of the action of Clogher or any one else as his agent in carrying on the business in the name of the company. (*Baldwin* v. *Burrows*, 47 N. Y., 199; *Dounce* v. *Parsons*, 45 id., 180; *Rowan* v. *Hyatt*, id., 138.) Plaintiff is estopped from asserting that the company is not a corporation, and from holding the stockholders responsible as partners for the debt. (*D. C. Manuf. Co.* v. *Davis*, 14 J. R., 239; *White* v. *Ross*, 15 Abb. Pr., 66; *M. E.*

*Ch.* v. *Pickett*, 19 N. Y., 482; *Eaton* v. *Aspinwall*, id., 119; *Lowry* v. *Inman*, 46 id., 125.)

ALLEN, J. The defendants are sought to be charged as makers of a promissory note, under the name of "The Utica Steam Woolen Company," a corporation whose charter had expired by its own limitation, and of which the defendants were stockholders. The corporation became such by filing a certificate pursuant to the act of 1811 relative to incorporations for manufacturing purposes, and the acts amendatory thereof, by the terms of which the corporate existence was limited to twenty years from the day of filing the certificate. (3 R. S. [Edmonds' ed.], 726.) The defendants served with process, became stockholders after the organization of the corporation, and were ignorant, in fact, of the day of filing the certificate and of the expiring of the charter. The plaintiff dealt with the corporation as such and not with the individual stockholders as copartners or associates in a joint stock association.

The defendants did not hold themselves out as copartners, neither did they by word or act assent to the making of the note in suit, or to the transaction of any business in the name of the corporation in their behalf or with knowledge that its legal existence had terminated. Some six months after the expiration of the charter a dividend was paid to the defendants, as from the earnings of the corporation, by the check of the treasurer, as annual dividends had been paid in former years, but without notice to them that it was not paid from the earnings of the corporation, or that the corporation had ceased to exist; and there was no proof that it was paid from the earnings of the business transacted in the name of the company after the lapse of the twenty years from its organization. The claim to recover is based solely on the fact that the agent of the corporation, without any authority other than that conferred by resolution of the trustees and under an appointment by them during the existence of the corporation, continued to carry on the business and contract debts, includ-

ing that in controversy, in the name of the corporation, after the term for which it was created had expired.

The contention is that there was "an implied contract of copartnership" between the stockholders, by which they became liable as copartners to third persons. The property and property rights of the corporation were not owned by the individual stockholders, either during the existence of the corporation or after its dissolution. During the life of the corporation the body corporate was the legal owner, and upon the expiration of the charter the legal title vested in the trustees in office, at the time, in trust, for the creditors and stockholders. (1 R. S., 600, § 1; *Mickles* v. *The Rochester City Bank*, 11 Paige, 118.) The stockholders were merely *cestuis que trust*, entitled to share ratably in the property after the payment of debts. They did not assume to exercise any rights of ownership in the property. It is true that individuals may *quoad* third persons be charged as partners when they are not in fact partners *inter sese*, by voluntarily and knowingly sharing in the profits of the business or by holding themselves out as partners and thus inducing a credit on the faith of a partnership. (Story on Part., §§ 63, 64.) A liability may be created by an equitable estoppel, but when it is sought to be established upon the footing of a contract of partnership between the parties an agreement must be shown; and it will not be implied from the joint ownership of property, nor will the relation arise by operation of law. (Story on Part., §§ 2, 3, 32.) A partnership does not result from a joint ownership of property, but there must be an agreement, express or implied, to participate in the profits or losses of the business. (*Chase* v. *Barrett*, 4 Paige, 148; *Porter* v. *McClune*, 15 W. R., 187; *Livingston* v. *Lynch*, 4 J. C. R., 573.) The stockholders, who were but *cestuis que trust*, cannot, without other evidence than the proof of their interest, be held to have authorized each other as partners, to pledge the credit of the whole and to have empowered any one of the number to bind all in any matter within the ordinary course of the business of the defunct corporation. As *cestuis*

*que trust* having a common interest, each had dominion over his own share, but had no power over that of the others.

There was an entire absence of any intent of the parties to subject themselves to the risks and to the powers which are vested in each member of a partnership.   By the Law Merchant, if the individual shareholders have received any part of the earnings of the business carried on by the trustees after the corporation ceased to exist, or have shared in the property of the corporation, they may, perhaps, be held to account in equity, to the extent they have profited ; but this does not make them liable in an action at law upon the contracts of the trustees or of the corporation.   (*Clavering* v. *Westley*, 3 P. Wms., 402.)   Neither is there any evidence that the defendants ever constituted Clogher their agent to contract in their name or incur obligations in their behalf, or that they ever received the benefit of his acts so as to charge them with his obligations within the maxim, *qui sentit commodum sentire debet et onus*.   The only act that is relied upon as an adoption of his acts is the receipt of the dividend in August, 1866.   But this wants the essential fact that it was paid or received as the profits of a partnership business, as well as the element of knowledge of the acts now claimed to have been ratified, or that the dividend was not, in fact, from the earnings of the corporation, for and as which it was paid and received.   A ratification can only be implied after knowledge of all the material facts is brought home to the party.   A receipt of money as a part of the earnings of a corporation is no ratification of acts of business carried on outside of the corporation without knowledge of him who is sought to be charged with them that the moneys came from such business.   (*Baldwin* v. *Burrows*, 47 N. Y., 199 ; *Dounce* v. *Myrick*, 45 id., 180 ; *Rowan* v. *Hyatt*, id., 138.)   The case of *The National Bank of Watertown* v. *Landon* (45 N. Y., 410), is distinguishable from this by the fact that in the case quoted there was a special agreement between the stockholders under which the business was continued after the legal expiration of the charter, by which they made themselves partners in fact as well as

in law; and they were held liable as bound by the acts of one as a partner having power to bind all, and not by reason of any special agency in the individual by whom the debt was incurred. *Fuller* v. *Rowe* (57 N. Y., 23), relied upon by the plaintiff's counsel, is fatal to the plaintiffs, the court there expressly adjudging, that to make parties assuming to act in a corporate capacity, without a legal organization as a corporate body, liable as partners, it must be shown that the individuals sought to be charged were so acting at the time the contract sued upon was made, or that upon some consideration they agreed to become liable with the others as partners.

To constitute a partnership there must be the assent of the individuals to the creation of that relation between them; and in the cases relied upon by the counsel for the plaintiff there has been a partnership by express agreement, or an authorization in advance and a consent to be bound by the acts of others as partners, or by the particular act in question, or a ratification of the acts after they were performed with full knowledge of all the circumstances necessary to an intelligent avowal or disavowal of them, or some acts by which an equitable estoppel has been created — none of which circumstances exist in this case. (*Thicknesse* v. *Bromilow*, 2 C. & J., 425; *Anthony* v. *Butler*, 13 Peters, 423; *Eastman* v. *Clark*, 53 N. H., 276; *Vassar* v. *Camp*, 14 Barb., 341.)

The plaintiff failed to make a case against the defendants, and the questions of evidence made upon the trial are, therefore, immaterial. The liability of the two defendants served with process depends upon the same evidence; and there is no evidence against McQuade to distinguish his case from that of his codefendant; and it was not claimed upon the trial that either was liable if both were not.

The judgment must be affirmed.

All concur; ANDREWS, J., not sitting.

Judgment affirmed.

Upon decision of a subsequent motion for reargument, the following opinion was delivered:

ALLEN, J.   We have, in considering this motion, very carefully re-examined the case and reviewed the reasons assigned for the decision made by us that the judgment of the Supreme Court should be affirmed.  The facts are undisputed.  There can be but one conclusion from the evidence.  There was no conflict in the testimony or doubtful inference to carry the case to the jury.  The plaintiff conceded that the question was one of law and not of fact for the jury, by asking that a verdict be ordered for the plaintiff, and had the court agreed with him as to the legal principles upon which the case hinged, and the legal liabilities of the defendants resulting from the undisputed facts, a verdict would have been ordered as requested.  But the evidence is uncontradicted that all the parties who were actors in the transaction under review, or who took part in the business of the cotton factory, supposed the corporation still existed and both borrower and lender of the money, to recover which this action is brought, supposed that the loan was to the corporation.  The plaintiff did not deal with the defendants or the trustees or stockholders of the corporation as co-partners or as individuals, or give credit to them as such; neither did the defendants intend to become co-partners, or to become bound as such, and they did not hold themselves out as partners.  Under these circumstances, we were of the opinion that no personal liability was incurred by the defendants, and for the reasons before assigned.  Complaint is made that the counsel for the plaintiff is misrepresented, in the opinion, by the statement that it was not claimed that there was any distinction to be made between the defendants Walker and McQuade, in respect to their liability.  The sentence is in these words: "There is no evidence against McQuade to distinguish his case from that of Walker, and it was not claimed, upon the trial, that either was liable if both were not."  The latter clause of the sentence is the particular subject of the complaint, and is literally true and entitled to all the significance given it, as showing that no distinction could be claimed in this court, and it was not deemed necessary to prove that the point would not have availed had it been

properly and seasonably taken. The record is as follows: "Here the evidence closed. The plaintiff's counsel moved that the court direct a verdict in favor of the plaintiff against the defendants. The court refused to grant the motion, to which ruling and decision the plaintiff's counsel duly excepted. The defendants' counsel moved that the court order a nonsuit. The plaintiff requested to go to the jury, and the court declined to submit any fact to the jury, and ordered a nonsuit, to which ruling and decision the plaintiff's counsel excepted, and a nonsuit was ordered." We did not mistake the record and were not misled by the points and brief of the respondents, as is suggested. If the counsel for the plaintiff supposed that McQuade might be liable even if the court should rule in favor of Walker, he should have taken the position at Circuit and taken the ruling of the Circuit judge; and not having done so, but himself united both defendants in the same general request, he cannot, upon appeal, make the question that any distinction exists as to their respective liability. If he in fact took the point at the Circuit, it should have been made to appear in the exceptions and been spread out on the record, by which the appellate court must be governed. But if the point were in the case, we are of opinion that there is nothing in the evidence to distinguish between Walker and McQuade in respect to their legal liability. The circumstantial difference between the two in the position they occupied in relation to the corporation, both before and after its charter had expired by limitation of time, was not forgotten or overlooked; but we thought those circumstantial differences did not create a legal distinction between them in respect to their liability to the plaintiff. Neither contracted the debt in person or authorized any one to represent him individually in the transaction. The money was borrowed by the agent of the corporation, under a power conferred by the trustees while the charter was in life ; and whether the party sought to be charged was nominally a trustee or only a stockholder, could not, upon the evidence in this case, be important. We find nothing to change or qualify in the former opinion. We had the points

and brief of the counsel for the plaintiff before us, and did not overlook the claim he made to hold McQuade, even if Walker should be adjudged not liable, but were of opinion that under his exceptions the point could not be taken, and that if it had been taken at the trial, and so properly before us, it was not tenable.

The motion must be denied, with ten dollars cost.

All concur.

Motion denied.