By the Court.— Ingraham, J.
This action was brought to recover a balance due plaintiffs for goods sold and delivered to the firm of C. H. Bayard & Co. The defendant Kent answered alleging payment. It appeared that defendants made payment to the plaintiffs sufficient to pay for all goods purchased by them. The plaintiffs, however, applied a portion of the moneys paid to the liquidation of an account due to them by the firm, of which the defendants were the successors, and the right to make such application is the question involved on this appeal.
The referee found that prior to the 18th day of April, 1884, there existed a partnership firm of C. H. Bayard & Co., which was composed of the defendant Bayard and one Jackson; that said firm was dissolved on or about the 18th of April, 1884, and the defendant firm of C. H. Bayard & Co. was formed on that day ; that plaintiff between April 18th and April 30th, 1884, knew that Kent had joined the firm ; that on said April 18th, 1884, there was a large balance of money due from the old firm to the plaintiffs, and that said balance included one item of $2,978.07, which did not appear upon the books of the old firm; that on the organization of the new firm an arrangement was made between the new firm and the old firm by which the new firm undertook to pay by checks upon its bank account the indebtedness of the old firm of C. H. Bayard & Co., as that indebtedness appeared upon the books of the said old firm ; and that to carry out said agreement the. new firm did pay all of the indebtedness of the old firm to the plaintiffs excepting the said item of $2,978.07.
It appeared that the new firm went on dealing with the plaintiffs, and made purchases of goods from them, and made payments to them on account of such purchases sufficient to pay in full for such goods purchased, *260 such payments commencing April 30th. The plaintiffs however applied the money so paid by the new firm to the payment of the said sum of $2,978.07, and the referee found as a conclusion of law that the plaintiffs were justified in appropriating to the indebtedness of the old firm all the payments that were made upon the accounts of the plaintiffs with the two firms of C. H. Bayard & Co. prior to the month of September, 1884, and that by making such application the indebtedness of the old firm of C. H. Bayard & Co. to the plaintiffs was extinguished. There was no promise made by the new firm or the defendant Kent to pay all the debts of the old firm orto pay the item of $2,978.07, as that item did not appear upon the books of the old firm as an indebtedness. The new firm was therefore under no obligation to pay this indebtedness.
Nor was the new firm, nor the defendant Kent liable for the debts of the old firm contracted before he became a member of the new firm. Fuller v. Rowe, 59 Barbour, 344; principle affirmed in Court of Appeals, 57 N. Y. 27.
The referee justified the appropriation of the money paid by the new firm to the liquidation of the amount due by the old firm by reason of the course of dealing between the new firm and the plaintiff.
The difficulty with this view is that the money which it is sought to apply to the indebtedness of the old firm, was not the money of the old firm but was the money of the new firm.
The referee found as a fact that the defendant Kent had no knowledge of the existence of their indebtedness to which the payment by the defendant was applied until after the payments which were applied to such indebtedness were made, and it appeared by the evidence that when he discovered that such indebtedness existed he refused to pay it or to allow the money paid by him to be applied to its payment.
It was held in the Supreme Court in the case of Fuller *261 v. Rowe (supra), “ after that (viz. the formation of the co-partnership) the money paid was the money of the partnership as then existing and could not be applied to the payment of the debts of a different co-partnership without the express agreement that it might be so applied, or unless the defendant had made himself jointly liable with the others for the payment of an older debt, and on appeal the commission of appeals held that defendant was not liable without a new agreement upon a consideration.” See 57 N. Y. 27.
The fact that when some money was paid by the new firm to the plaintiffs the indebtedness of the new firm had not matured, was explained by the testimony of the appellant that at the time the payment was made he pointed out to plaintiff’s book-keeper that there was nothing due from the new firm, to which the book-keeper answered, “ Well, according to that ” (referring to the ledger account of the new .firm) “ it seems you do not owe us anything; but they told me at our office that you owed us this money, and we would like to have some money. We want to make a remittance, and even if you do not owe us this money, you will owe us some money which will soon become due, and if you will pay it you will get credit for it on your account,” on which statement the payment was made.
There was no evidence that at the time of such payment the new firm had sufficient assets of the old firm in its possession to pay the indebtedness in question. Nor is appellant estopped from claiming that the payment made by the new firm should be applied to the indebtedness of the new firm and not to the indebtedness of the old firm. There is no finding by the referee that the appellant acquiesced in the application of the payments to the indebtedness of the old firm after he had had notice of such application, nor that plaintiff was injured in any way by the failure of the appellant to object. It does not appear that plaintiff’s opportunity of collecting its indebtedness from the old firm has been *262 lost, or that they are in any worse position now than they were at the time of the dissolution of the old firm. So far as Bayard acted in relation to the matter of the indebtedness of the old firm, he was acting in his individual interest, and a promise in the name of the new firm in relation to such indebtedness without consideration, could not bind the new firm.
Upon the facts as found by the referee I think therefore that the defendants have paid the plaintiff for the goods purchased by them.
If there is any property of the old firm in the hands of the defendant, plaintiff can reach such property in a proper action, but this action being to recover for the goods sold and delivered to the new firm, and it appearing that the goods sold and delivered had been paid for, plaintiff cannot recover.
The judgment must therefore be reversed, and a new trial ordered, with costs to abide the event.
Sedgwick, Ch. J., and Freedman, J., concurred.