Hardin, P. J.
Plaintiffs, in their complaint, aver that “the defendant’s * * * were copartners, doing business in Syracuse and Geddes and elsewhere under the firm *360 name and style of Stimson & Isham. That the defendants, as such copartners,” made their note set out in the complaint and delivered it to plaintiffs.
The complaint does not state any other ground of liability of defendants to them. It does not set out the cause of action for which the note was given. It does not show any ground upon which Isham would be made liable otherwise than by reason of a copartnership, and the authority implied therefrom, if one existed.
The referee does not find that Isham and Stimson were copartners, nor that Stimson, who made and signed and delivered the note to plaintiff as a copartner or otherwise, was authorized by Isham to make the note in suit.
Again, when Stimson ordered the patterns and refrigerators of the plaintiffs, it does not appear that he had authority to carry on business in the joint name of Isham & Stimson.
It does not appear that the order was given by Stimson prior to July 26, 1882. It does not appear that Isham had declined to go into business with Stimson. Isham stated in a letter written in San Francisco, May 15, 1882, to Stimson; viz.: “I cannot go into any business until January 1st, 1883.” The same in substance was repeated to Stimson in a letter of May 25, 1882.
We think there was no partnership shown, nor did the defendant hold himself out by acts as a partner so as to bind him as such a partner to third persons. Central City Savings Bank v. Walker, 66 N. Y., 424, 428.
In Haas v. Roat (26 Hun, 632), there was an agreement that the defendant was to advance and furnish money to-aid in getting ready for the business, and a joint venture was agreed upon, and out of which was to come back to the defendant Boat the money put in by him as part of the capital, and one-half of the net profits as such which as they accrued were to be his property, his share in the venture That was a case where the plaintiffs brought the action upon an account contracted in carrying forward the busines which was to yield the contesting party one-half of the profits, as his share of the venture.
See report of the case in 16 Hun, 526, for a more full statment of the facts.
There was no proof given of any authority in Stimson to-make a note in-the ñamo and behalf of Isham. There being no copartnership formed, the implied authority of one member of a firm to do what is necessary to carry on the business of the partnership cannot be used to sustain a recovery upon the note. Webster v. Rackett, 7 Hun, 229.
In that case the contract was made by a firm, and at their place of business, and the authority of one of the members- *361 of the firm was held sufficient to authorize the contraction of a debt in the ordinary business of the firm.
The Tradesman’s Bank v. Astor (1 Wend., 88), is not in point, as there several were jointly liable, and it was held “ that an agreement between them that neither shall make a contract to charge the other, does not affect third persons ignorant of such agreement.”
In National Union Bank v. Landon (66 Barb., 190), there was a copartnership, and hence the partners had the right to give a note, and it bound the firm. That case does not aid the respondents.
The plaintiffs planted themselves upon the averment that Isham was a partner. That was not proven; nor is it found. by the referee, nor is it made to appear that Isham ever gave any authority to Stimson to make a note to bind him, and, therefore, the plaintiffs were not entitled to recover upon the pleadings, proofs and findings. Curry v. Fowler, 87 N. Y., 37.
If the plaintiffs wish to test the right of Stimson to contract the debt for and in behalf of Isham as his agent, and upon special authority, they should present proper allegations and proofs.
Our conclusion is, that the liability of Isham upon the note was not made out, and that the referee erred in holding as matter of law thaj; he was indebted to plaintiffs upon the note.
Judgment reversed and a new trial ordered before another referee, with costs to abide the event.
Follett and Martin, JJ., concur.