## FORBES *v.* WHITTEMORE.

### Opinion delivered April 4, 1896.

PARTNERSHIP LIABILITY—ASSUMPTION OF DEBTS OF CORPORATION.— Purchasers of 'the "right, franchise, and privilege" of a corporation, and of all the real and personal property belonging thereto, are liable as partners on a note executed by their direction by two of their number, who signed as president and secretary, respectively, of the corporation, where they never undertook to organize themselves into a corporation, and the contract of sale, by a provision for reversion of the property to the corporation in a particular event, recognized that both the buyers and the seller should continue to be distinct parties.

Appeal from Miller Circuit Court.

RUFUS D. HEARN, Judge.

*L. A. Byrne* and *E. F. Friedell*, for appellants.

1. The notes sued on were a debt of the corporation at the time defendants took charge under their contract. Defendants constituted the board of trustees of the college after the execution of the contract, and sec.

1395, Sand. & H. Dig., converts the incorporators into a board of trustees. The contract transfers to them and "their successors" all the rights, franchises, etc., of the college, and was a transfer of the corporate power and franchise. The attorney for plaintiff was notified that the individuals were not personally bound, and signed the name of the college to the notes, and plaintiff is estopped, especially when no one is here denying the right and authority of defendants to act for and bind the corporation. 47 Ark. 270. The rule that fastens liability as partners on persons attempting to act as a corporation does not apply here. It is only where they have failed to comply with the statute in some material step, to form a corporation. 35 Ark. 144.

2. Defendants were at least a *de facto* board of trustees, and their acts are binding as the acts of the corporation during their administration of corporate duties. Morawetz on Corp. (2 Ed.), secs. 639, 640, and authorities cited in foot notes; 6 Cow. 23; 9 Wend. 414; 28 Mich. 110; 96 N. Y. 137.

3. The contract vested defendants with full power to administer the duties and attend to all the business of the corporation, and the result was to make defendants the agents of the original board of trustees to conduct the business of the corporation; in which case the execution of the notes was the act of the board through their authorized agents. Sand. & H. Dig., sec. 1396; Mor. Corp. (2 Ed.), secs. 637-8.

4. It was error to exclude evidence to prove that defendants constituted the board of trustees of the college, and that the notes were the obligations of the college, and that defendants were acting under the franchises and original charter of the corporation.

*J. D. Cook*, for appellee.

1. The defendants were not a corporation, nor acting as such, nor were they successors to the trustees of the

college. They were simply a board of trustees of the Baptist church. The contract itself proves there was no incorporation. Such an association of persons are bound as partners. 35 Ark. 144; Angell & Ames, Corp., sec. 591; 9 Mass. 336; 19 Johns. 64; 1 Cowen, 531; 15 Wend. 256.

2. The court's charge was correct, and there is ample testimony to support the verdict.

3. The original charter fixed the number of trustees at *nine*, and, these nine still holding their office, it was impossible for the *thirteen* defendants to represent the college, nor does the record disclose any authority given defendants to constitute a *de facto* board with power to bind the college upon the notes given—the very thing they contracted to relieve the college from paying—and therefore they were without authority to contract in the name of the college, and are bound as individuals. 9 Mass. 336; 19 Johns. 64; 1 Cow. 531; 15 Wend. 256.

BATTLE, J. The Southwestern Arkansas College was a corporation engaged in maintaining a school in Miller county, in this state, and was the owner of property, consisting of land, a brick building, subscriptions, and furniture. On the second day of August, 1890, W. A. Forbes and others, styling themselves "trustees," entered into a contract with it in the words and figures following, to-wit:

"Whereas, the board of directors of the Southwestern Arkansas College have this day transferred to W. A. Forbes, W. H. Tilson, John Hallum, H. W. Stevens, John C. Watts, H. H. Echols, B. R. Attaway, John Winham, J. B. Lumbley, E. F. Friedell, Chas. S. Todd, R. J. Harriston, Noah P. Sanderson, E. D. Merideth, and John B. Nix, and their successors in office, the right, franchise, and privilege heretofore appertaining and belonging to the Southwestern Arkansas College, located on College Hill, Miller county, Arkansas,

which transfer includes all the real and personal property belonging to the Southwestern Arkansas College, also the unpaid subscription belonging to said college, for and in consideration for which the said above-named trustees and their successors in office obligate and bind themselves as trustees, and their successors in office, to pay all liabilities of said Southwestern Arkansas College as they now exist, to honor the subscription of stock for tuition, and in all respects to assume the place, duties, and responsibilities of the above said directors of said college; and, furthermore, at all time during the scholastic year to maintain a first-class school, which school shall in its course be in all respects equal to the curriculum of ordinary colleges through the sophomore year, and up to the junior year, in classical, literary and scientific course, and at all times to maintain in good condition and repair the buildings now on the ground, and from time to time, as necessity may require, to add thereto such buildings as may be necessary to carry on the school herein provided for.

"And it is further agreed and understood that if the said board of trustees fail to comply with these conditions after reasonable notice given to said board of trustees, the property herein conveyed is to revert to the said board of directors of Southwestern Arkansas College, or their successors or assigns; and we, for ourselves and our successors in office, as trustees, agree to surrender the possession of said property, real and personal.

"Witness our hands and seals, this 2d day of August, 1890.

"W. A. Forbes,
President Board of Trustees.

"E. F. Friedell,
As Secretary Board of Trustees."

Under this agreement, Forbes and his associates in the enterprise took possession of the property, and

entered upon the performance of their contract; and, at a meeting held by them, authorized and directed W. A. Forbes, as their president, and E. F. Friedell, as their secretary, to execute to Osgood Whittemore two notes for $138 each, due, respectively, six and twelve months after date, in payment of a debt assumed by them in the contract with the "Southwestern Arkansas College." In the exercise of this authority Forbes and Friedell executed the two notes, a copy of one of which, which serves to show in what manner both were written and executed, is as follows:

"$138.00. Texarkana, Ark., July 1st, 1891.

Six months after date, the Southwestern Arkansas College promises to pay to the order of Osgood Whittemore the sum of one hundred and thirty-eight dollars at the Gate City National Bank, Texarkana, Arkansas, for value received, without defalcation or discount, with interest at the rate of ten per cent. per annum from date until paid. This note is given in settlement of B. Fronhaff's account for labor and material furnished in the building of the Southwestern Arkansas College, in Miller county, Ark.

Southwestern Arkansas College,<br>By W. A. Forbes, Prest. of Trustees,

Southwestern Arkansas College,
By E. F. Friedell, as Secy."

Forbes and those named with him in their contract with the Southwestern Arkansas College, without organizing themselves into a corporation, undertook to perform their undertaking for about two years, and failed, when they abandoned the same, and surrendered the property, real and personal, which they had received from their predecessors, subscriptions excepted, leaving the two notes unpaid. Thereafter, on the 14th of November, 1892, Osgood Whittemore brought an action

on the notes against Forbes and his co-contractors, as late partners, doing business under the firm name and style of "the Southwestern Arkansas College." The defendants, answering, denied that they executed the notes in the capacity of partners, and that they were individually liable for the payment thereof, and alleged that the notes were contracts of a corporation. In the trial of the issues in the case, all the foregoing facts were proved. The plaintiff recovered judgment, and the defendants appealed.

The only important question in the case is, were the appellants individually liable for the payment of the notes sued on? They were not the agents of the college, nor members of it. In their contract with it, each party preserved its individuality, neither being merged into the other. Appellants agreed that, if they failed to comply with their contract, the property conveyed should "revert" to the "Southwestern Arkansas College," its assigns, or successors, thereby recognizing each other as distinct parties, and that they would remain so. Their assumption of the name of the corporation from which they purchased did not constitute them such a corporation, or give them the right to act in a corporate capacity. They never undertook to organize themselves into a corporation, and were not a corporation *de facto*. Having undertaken in writing, for a valuable consideration, to pay the debt of another, they are as much liable as partners as they would have been had there been no pretense of incorporation,—like the members of any other merely voluntary association in respect of personal liability,—and are personally and individually liable. *Garnett* v. *Richardson*, 35 Ark. 144; *Pettis* v. *Atkins*, 60 Ill. 454; *Bigelow* v. *Gregory*, 73 Ill. 197; *Hurt* v. *Salisbury*, 55 Mo. 310; *Fuller* v. *Rowe*, 57 N. Y. 23; 1 Thompson on Corporations, secs. 218, 417, 503, 5002; 3

*id.* sec. 2992; 1 Cook on Stock, Stockholders and Corporation Law, (3 Ed.), sec. 234; 2 Morawetz on Corporations (2 Ed.), sec. 749.

Judgment affirmed.