JAMES REILLY REPAIR & SUPPLY CO. v. GALLAGHER et al.

(Supreme Court, Appellate Term.   February 7, 1908.)

1. PARTNERSHIP—EVIDENCE—ADMISSIBILITY—HOLDING OUT AS PARTNER.

In an action against two as partners for labor and materials furnished, the issue being whether G. had held himself out as a partner when the materials were furnished, it was error to receive in evidence a statement, made by the other partner before the partnership existed, that G. was to become his partner.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, §§ 69, 73.]

2. SAME—SUFFICIENCY.

In an action against two as partners for labor and materials furnished, evidence *held* insufficient to show that defendant G. was a partner when the materials were furnished.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Partnership, §§ 75–81.]

3. SAME—CONTEMPLATED PARTNERS—LIABILITY.

In an action against two as partners for materials furnished, where defendant G. was not a partner when the materials were furnished the other partner, but merely contemplated becoming a partner, he was not liable as a partner therefor.

Appeal from City Court of New York, Trial Term.

Action by the James Reilly Repair & Supply Company against Patrick Gallagher and another.  From a judgment for plaintiff, and an order denying a new trial, defendant Gallagher appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Straley & Hasbrouck, for appellant.

Wilber, Norman & Kahn, for respondent.

SEABURY, J.  The plaintiff brought this action against the defendants John Lynn and Patrick Gallagher, as copartners doing business under the firm name and style of the Progress Manufacturing Company, to recover for services rendered and materials furnished between December 12, 1905, and May 21, 1906.  The defendants answered by a general denial, and the defendant Gallagher alone appeared to defend the action.  The defendants became copartners on January 24, 1906. The order for the work and materials was placed prior to this time, and all transactions were had with the defendant Lynn.  It is perfectly clear from the evidence that the plaintiff did not contract with the copartnership, or upon the faith of Gallagher's connection with it.  The work, which the plaintiff was employed to do, was in relation to two advertising signs, and the work upon one of the signs was completed in the early part of December, 1905.  A witness who was in the employ of plaintiff testified as follows:

"I undertook to do that work for Mr. Lynn when he ordered it; and went right ahead with it.  I had done considerable work on it before the 24th of January, 1906."

The question at issue upon the trial was whether Gallagher had held himself out as a partner.  Upon this issue a witness called on behalf

of the plaintiff was permitted to testify, over the objection and exception of the defendant, to a conversation with Lynn, in which Lynn was alleged to have stated that Gallagher "was to become" his partner in his business. This testimony was incompetent. The declaration of Lynn, made before any copartnership existed, that Gallagher "was to become" his partner, was not binding upon Gallagher, or competent evidence upon the issue as to whether a copartnership existed between Gallagher and Lynn.

While the admission of this testimony requires a reversal of the judgment, a broader view of the case satisfies us that the plaintiff failed to establish any cause of action against the defendant Gallagher. The case was submitted to the jury upon the theory that Gallagher had held himself out, or permitted himself to be held out, as a partner. This theory had no application to this case, inasmuch as there was no evidence to show that the plaintiff contracted with the partnership, or upon the faith of such holding out. Thompson v. First National Bank of Toledo, 111 U. S. 529, 4 Sup. Ct. 689, 28 L. Ed. 507; Central City Savings Bank v. Walker, 66 N. Y. 424; Cassidy v. Hall, 97 N. Y. 159. The most favorable construction which can be put upon the evidence, from the plaintiff's standpoint, is that the plaintiff contracted with Lynn while the latter had in contemplation a partnership with Gallagher, which was subsequently entered into. Under these circumstances, the defendant Gallagher is not liable as a partner for the debts which Lynn contracted prior to the formation of the partnership.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.